IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENEVA JACKSON, | ) | Case No. 1:23-cv-154 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| LAKEMED LEASING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This matter is before the court on defendants LakeMed Leasing, LLC ("LakeMed") and Providence Healthcare Management, Inc.'s ("Providence") motion to dismiss for failure to prosecute (ECF Doc. 24). For the reasons discussed below, I recommend that the motion to dismiss be GRANTED and this case be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

**I.      Procedural History**

On January 25, 2023, Geneva Jackson filed a complaint against LakeMed, Providence, and Embassy Painesville, LLC. ECF Doc. 1. On June 23, 2023, Chris P. Wido, counsel for Jackson, filed a motion to withdraw as counsel, asserting that there was good cause for his removal because: "Despite multiple attempts by counsel over the last approximately nine weeks to contact Plaintiff by phone, email, text message, and mail for the purpose of producing documents responsive to discovery requests propounded by Defendants, Plaintiff has only produced three documents and has otherwise not responded." ECF Doc. 24 at 1. Counsel

argued that Jackson's unresponsiveness rendered "continued representation unreasonably difficult, if not impossible," and made it impossible for him to fully engage in discovery or make litigation decisions.  *Id.* at 1-2.

On June 23, 2023, the court granted counsel's motion to withdraw and directed Jackson to have new counsel appear no later than August 1, 2023.  ECF Doc. 26.  The court also warned Jackson that "[f]ailure to comply with this Order may result in dismissal of her claims for failure to prosecute."  *Id.* at 1.  The same day, a copy of the withdrawal order was mailed to Jackson's address.  ECF dkt. entry dated June 23, 2023.  The August 1, 2023 deadline passed without new counsel making an appearance or Jackson otherwise filing a response.

On August 5, 2023, LakeMed and Providence filed the instant motion to dismiss for failure to prosecute based on Jackson's failure to: (i) comply with the court's order to obtain new counsel by August 1, 2023; and (ii) respond to the defendants' discovery requests.  ECF Doc. 27.  On August 7, 2023, an in-person status conference was scheduled for August 23, 2023 before the undersigned, with a notice of the conference mailed to Jackson's address.  ECF dkt. entries dated Aug. 7, 2023.  Jackson did not appear for the August 23, 2023 status conference. ECF dkt. entry dated Aug. 23, 2023.  As of the issuance of this report and recommendation, Jackson has not filed a response to the defendants' motion to dismiss or the court's June 23, 2023 order.

## II.    Law & Analysis

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se

2

litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Federal Rules of Civil Procedure 41(b) gives authority to the court to dismiss a plaintiff's action with prejudice because the plaintiff failed to prosecute.  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  To determine whether the action should be dismissed under Rule 41(b), the court may consider whether:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999).  Although a court may, in its discretion, decide to overlook these failings, a case is properly dismissed when there is a clear record of delay or resisting authority.  *Id.*

Here, Jackson's lack of participation in the court's proceedings has delayed the case from moving forward and the Rule 41(b) factors weigh in favor of dismissing the case.  The court allowed Jackson's counsel to withdraw after counsel asserted that Jackson had ceased all communication, and the defendants have indicated that Jackson has failed to respond to their discovery requests.  Jackson also failed to comply with the court's June 23, 2023 order.  The court provided Jackson with a reasonable period to comply with the order and warned Jackson that her failure to comply could lead to dismissal for failure to prosecute.  Further demonstrating

her failure to prosecute, Jackson failed to appear at the status conference held on August 23, 2023.  Given the current record, there is no indication that Jackson will participate in this case moving forward.  Because Jackson has failed to prosecute her case, I recommend that the Court dismiss it for lack of prosecution.  In the alternative, the Court may choose to issue an order requiring Jackson to appear and show cause why the case should not be dismissed for want of prosecution with the explicit warning that her failure to appear will result in the dismissal of the case with prejudice.

## III.    Recommendation

Because Jackson has failed to prosecute her case, I recommend that the Court GRANT defendants LakeMed and Providence's motion to dismiss (ECF Doc. 27) and DISMISS Jackson's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: August 24, 2023

Thomas M. Parker
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard*

*v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).