UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GENEVA JACKSON, | Case No. 1:23-cv-00154 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| LAKEMED LEASING, LLC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 28) recommending that the Court grant Defendants Lakemed Leasing, LLC and Providence Healthcare Management, Inc.'s motion to dismiss for failure to prosecute (ECF No. 27) and dismiss this action without prejudice. The basis for Defendants' motion and the Magistrate Judge's recommendation is that Plaintiff has failed to (1) appoint counsel as ordered by August 1, 2023; and (2) respond to Defendants' discovery requests. (*See* ECF No. 27; ECF No. 28.)

## BACKGROUND

On January 25, 2023, Plaintiff Geneva Jackson filed this action alleging claims of a hostile work environment, race discrimination, and retaliation. (*See generally* ECF No. 1.) Initially, her case progressed smoothly: Plaintiff perfected service (ECF No. 3; ECF No. 4; ECF No. 5); Defendants answered the complaint (ECF No. 6; ECF No. 8); and the Magistrate Judge held a case management conference (Minutes, Apr. 5, 2023).

On June 23, 2023, counsel for Plaintiff moved to withdraw, representing that Ms. Jackson rendered continued representation unreasonably difficult, if not impossible, by "ceas[ing] communication with him" and "not produc[ing] the documents required to fully respond to discovery." (ECF No. 24, ¶ 2, PageID #137–38; ECF No. 24-1, ¶¶ 5–6, PageID #140–41.) In granting counsel's motion, the Court directed Plaintiff "to have new counsel appear no later than August 1, 2023." (ECF No. 26, PageID #144.) Further, the Court advised that "[f]ailure to comply . . . may result in dismissal . . . for failure to prosecute." (*Id.*) On August 5, 2023, Defendants filed a motion to dismiss Plaintiff's claims for failure to prosecute. (ECF No. 27.) Following Plaintiff's failure to appear at a status conference on August 23, 2023, the Magistrate Judge filed a Report and Recommendation recommending dismissal of this case. (Minutes, August 23, 2023; ECF No. 28.)

As of the date of this Order, no counsel has appeared, and Ms. Jackson has taken no further steps or efforts to advance this lawsuit. Nor has she objected to the Magistrate Judge's Report and Recommendation.

## DISCUSSION

Before Defendants filed their motion to dismiss, the Court contemplated dismissing Plaintiff's case *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (discussing a district court's "well settled" authority to dismiss a lawsuit for failure to prosecute). Nevertheless, whether on its own accord or prompted by a party, dismissal in this circumstance is a "harsh sanction which the court should order only in extreme

2

situations." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir. 1998). But where there is a "clear record of delay or contumacious conduct," "a case is properly dismissed." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999); *Evans v. Liberty Ins.*, 702 F. App'x 297, 299 (6th Cir. 2017) (describing that dismissal is favored where a party has "repeatedly ignored discovery deadlines and warnings given by the district court").

A district court "must be given substantial discretion" in dismissing a case for failure to prosecute. *Knoll*, 176 F.3d at 362–63. The Magistrate Judge set forth the applicable legal standard and analyzed the requisite factors the Court must consider. In determining whether to dismiss an action for failure to prosecute a court considers whether: (1) the party's failure is due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the dismissed party's conduct; (3) the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 363.

The Sixth Circuit has recognized prejudice where the defendant has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, Plaintiff's willful failures to respond to discovery requests and comply with the Court's order have prejudiced Defendants—fulfilling factors one and two. Considering factor three, the Court warned Plaintiff that her failure to comply could result in dismissal. Additionally, Defendants' motion to dismiss for failure to

3

prosecute put Plaintiff on notice, as did the Magistrate Judge's Report and Recommendation.

Finally, factor four favors dismissal because any alternative sanction would be futile at this point. Plaintiff's failure to communicate and work with her attorney resulted in her attorney's withdrawal. Plaintiff never retained new counsel to handle her case—in direct violation of the Court's order. Nor did she actively represent herself. Plaintiff has yet to provide complete discovery responses. She failed to appear for the Court's status conference. And she has not filed an opposition to Defendants' motion or any objection to the Magistrate Judge's Report and Recommendation. Therefore, the Court has no reason to believe a lesser sanction will motivate Plaintiff to prosecute her case.

The Report and Recommendation advised both parties that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (*See* ECF No. 28, PageID #155–56.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified that failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for responding to discovery requests, filing a response to Defendants' motion, and filing objections to the Report and Recommendation have all passed. And Plaintiff has not provided a legitimate reason why she failed to do so, leading the Court to conclude that dismissal is the correct disposition of her case. While federal courts afford *pro se* litigants some leniency, where such a litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Here, the sanction of dismissal arises from Plaintiff's failure to fulfill her obligations to the Court and serves to "protect the integrity of pretrial procedures." *Knoll*, 176 F.3d at 366 (citation omitted).

## CONCLUSION

On the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation.  Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 28), **GRANTS** Defendants' motion to dismiss (ECF No. 27), and **DISMISSES** the action **WITHOUT PREJUDICE**.

    **SO ORDERED**.

Dated:  September 19, 2023

                          J. Philip Calabrese
                          United States District Judge
                          Northern District of Ohio